(115 App. Div. 576)

ROGERS v. JONES et al.

(Supreme Court, Appellate Division, Second Department. November 16, 1906.)

1. APPEAL—DISMISSAL ON MERITS—REVIEW.

　　Where plaintiff appeals from a judgment and from an order denying a new trial after the dismissal of his complaint at the close of his evidence on the ground that the facts proven did not constitute a cause of action, plaintiff is entitled to the most favorable inferences to be drawn from the evidence.

　　[Ed. Note.—For cases in point, see vol. 3, Cent. Dig. Appeal and Error, § 4024.]

2. MASTER AND SERVANT—NEGLIGENCE OF SERVANT—INJURY TO THIRD PERSON.

　　Defendant sent a truck load of goods in charge of a driver to a steamship dock, and after the load had been brought to a place indicated by the steamship company's servant plaintiff, an experienced longshoreman, in accordance with his duty, began to assist in unloading the truck. The driver went to the front end of the truck to untie a rope used to bind the load, while plaintiff attempted to hold up the rear end of the load to permit the removal of the rope. When the rope was unfastened the weight

was too heavy for plaintiff and the driver to control, and a portion of the load fell off, injuring plaintiff. *Held* insufficient to establish negligence on the part of the driver.

Appeal from Special Term.

Action by Joseph Rogers against Frank S. Jones and another. From a judgment dismissing the complaint on the merits, and from an order denying plaintiff's motion for a new trial, he appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, RICH, and MILLER, JJ.

Samuel H. Randall, for appellant.
Joseph M. Gazzam, Jr., for respondents.

WOODWARD, J. The complaint was dismissed in this action at the close of plaintiff's evidence, on the ground that the facts proved did not constitute a cause of action. The plaintiff appeals from the judgment and from an order denying a new trial, and it will not be questioned that upon this appeal he is entitled to the most favorable inferences to be drawn from the evidence.

But, with this concession, we are persuaded that there should be no reversal of the judgment. The most favorable view of the evidence for the plaintiff would be that the defendants sent a large truck load of goods to the dock of the Maine Steamship Company in charge of a driver, who is not suggested to have been incompetent; that the plaintiff was an experienced "longshoreman," and that it was a part of his duties to assist in the unloading of such trucks; that the load was brought to a place indicated by the steamship company's servant, and that defendant's driver went to the front end of the truck for the purpose of untying one of the ropes used in binding on the tiers of boxes and barrels which made up the load; that the plaintiff was engaged in holding up the rear end of the load for the purpose of permitting the removal of the rope; and that, when the same was unfastened, the weight was too heavy for the plaintiff and the driver in control of the rope to hold up, and a portion of it fell off, injuring the plaintiff. There is no suggestion that the load was improperly placed, or that it was not proper to have it bound with ropes, or that it was not proper for the driver to untie the rope, preparatory to unloading the same, and the negligence of the defendant's servant, if any, must be found in the particular manner in which he unfastened the rope, and as to this there is no evidence showing that he was in anywise negligent, or that he did anything other than he was expected to do in the intelligent and practical discharge of his duties. The entire situation was obvious to the plaintiff. The defendant's servant did what he was expected to do, and there was no actionable negligence in the case, as shown by the very best view that can be placed upon the evidence.

But, beyond this, the plaintiff himself says, in his initial statement, that he himself took off the first rope and that the things fell down upon him. He then says that he saw the driver go forward to untie the rope, and that when this was done the load fell on him, but in either event there was no negligence shown on the part of the de-

fendant's servant, and when the motion was made to dismiss the complaint there was no evidence before the jury to show that any wrong had been done the plaintiff. The mere happening of the accident, under the circumstances disclosed by the evidence, did not raise a presumption against the defendants.

The judgment may be properly modified by striking out the clause "upon the merits," and, as so modified, the judgment and order appealed from should be affirmed, without costs. All concur.